UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER CALISTO,

    Plaintiff,

    v.                                                           Case No. 3:25-CV-00694-CCB-SJF

FRATCO,

    Defendant.

## OPINION AND ORDER

On August 13, 2025, Christopher Calisto, proceeding *pro se*, filed a complaint (ECF 1) alleging that Defendant Fratco retaliated against him for filing an official grievance. (ECF 1 at 2–3). Along with the complaint, Calisto filed a motion for leave to proceed *in forma pauperis*. (ECF 2).

Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement [of a civil lawsuit] without pre-payment of fees [if] the person is unable to pay such fees . . . ." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948) (quotation marks omitted).

When deciding whether to grant *in forma pauperis* status to a plaintiff, the Court must first determine whether his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

defendant. 28 U.S.C. § 1915(e)(2)(B). The Court has "ample authority to dismiss frivolous or transparently defective suits spontaneously." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

"Although [pro se] litigants . . . benefit from various procedural protections," including liberal construction of pleadings, they "are not entitled to [exemption] from the rules of procedure . . . ." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Fed. R. Civ. P. 8(a)(2) requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint must also contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). A basis for the Court's jurisdiction "must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *McCready v. eBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006) (quotations omitted). Federal district courts have original jurisdiction over federal question cases—that is, "civil actions arising under the Constitution, laws, or treaties of the United States"—and diversity jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

The Court will restrict its analysis to federal question jurisdiction for Calisto's claims because he made no claims to diversity or supplemental jurisdiction in his

complaint. Calisto alleges that Fratco retaliated against him for filing a grievance by terminating his employment despite positive performance reviews. (ECF 1 at 2). He states that while he was on bereavement leave, he visited Fratco to discuss a 40% pay reduction and file two grievances with human resources. (*Id.*) Calisto alleges that during his visit, he told Jackie Sanchez, a member of Fratco's human resources department, that he was not paid wages he believed he was owed. (*Id.*) According to Calisto, Fratco executives Bill Champion and Craig Douglass promised him a new pay plan following his promotion, but they withdrew the pay plan without notice or reason. (*Id.* at 3). Calisto alleges that Douglass and Champion then reduced his pay by $58,000 on December 30, 2023. (*Id.*) Calisto further alleges that he has recordings of conversations with Sanchez, Douglass, and Champion that contradict their affidavits. (*Id.*) He asks the Court "to clear [his] name," to order "a proper and fair settlement of money," and to award damages for pain and suffering caused by the alleged lies in the affidavits. (*Id.* at 4).

Construing his complaint liberally, Calisto appears to allege that Fratco violated the Fair Labor Standards Act ("FLSA") by withholding wages, reducing his pay, and retaliating against him for filing a grievance about those withheld wages. (ECF 1 at 2). But FLSA does not bring general pay disputes under federal jurisdiction. *Dunn v. Sederakis*, 143 F. Supp. 3d 102, 110–11 (S.D.N.Y. 2015). Instead, it requires an employer to pay minimum wages or overtime pay. 29 U.S.C. § 206. And while FLSA does prohibit employer retaliation, that prohibition is limited to retaliation in response to employee

complaints of FLSA violations. 29 U.S.C. § 215(a)(3). To state a claim for retaliation under FLSA, a plaintiff must allege that (1) he engaged in protected activity, (2) he suffered an adverse employment action, and (3) there was a causal link between the two. *Kasten v. Saint–Gobain Performance Plastics Corp., 703 F.3d 966, 972 (7th Cir. 2012)* (citations omitted).

Although Calisto alleges that Fratco terminated his employment shortly after filing two grievances with human resources, he fails to adequately allege that he engaged in protected activity. (ECF 1 at 2). Calisto does not allege whether his grievances concerned unpaid minimum wages or overtime, nor does he seek recovery for such wages in his complaint. As pleaded, Calisto has not sufficiently alleged a violation of FLSA. *See Daniel v. Advoc. Health Care Network*, 278 F. Supp. 3d 1056, 1064–65 (N.D. Ill. 2017). Without an alleged violation of FLSA, there is no federal question here, and this Court lacks subject matter jurisdiction over this claim.

Calisto also alleges that Jackie Sanchez, Bill Champion, and Craig Douglass lied on their affidavits. (ECF 1 at 3). There is no civil federal cause of action for perjury, and Indiana law similarly does not permit a private civil action for perjury. *Liddell v. Smith, 345 F.2d 491, 494 (7th Cir. 1965)*; *Hermon v. Jobes, 198 N.E. 316, 319 (Ind. 1935).* Therefore, Calisto also fails to state a claim against Fratco based on these allegations.

Calisto's complaint fails to state a valid federal claim, and he has not established jurisdiction. Accordingly, Calisto's motion to proceed *in forma pauperis* is **DENIED**. (ECF 2). Calisto is granted leave to amend his complaint to become compliant with the

4

federal rules and refile a motion to proceed *in forma pauperis* by **April 24, 2026**. The Court **CAUTIONS** Calisto that failure to comply with this deadline, plead federal jurisdiction, pay the filing fee or file for *in forma pauperis* status, or file a rule-compliant complaint will result in the dismissal of his case without further notice because his current complaint does not state a claim. *See Hoskins*, 320 F.3d at 763.

SO ORDERED on March 24, 2026.

/s/ *Cristal C. Brisco*

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT